I. WALTER GODNICK, Respondent, *v.* MARCUS COHEN (Amended to COHN), Trading and Doing Business under the Firm Name and Style of UNITED STATES STANDARD CHEMICAL COMPANY, Defendant, Impleaded with HARRY K. GRIGG, Appellant.

First Department, May 18, 1934.

*F. A. W. Ireland* of counsel [*Ireland, Caverly & Hendrickson,* attorneys], for the appellant.

*Sidney J. Feltenstein,* for the respondent.

O'MALLEY, J. Liability of the appellant Grigg, the owner of the loft occupied by the codefendant Marcus Cohn, is predicated

upon the theory that he knowingly permitted the maintenance and continuance of a nuisance therein. The knowledge, if any, of the appellant that a nuisance might result from the negligent acts of the defendant Cohn was constructive merely, not actual. We are of opinion that the evidence was insufficient to charge the appellant with constructive notice that the business in which Cohn was engaged might cause an explosion of the character here disclosed.

True it is that the appellant was informed that Cohn was a research chemist and the written lease under which the latter took possession of the appellant's premises authorized him to occupy the loft " as a commercial laboratory for analytical and experimental work." It is true, also, that there was evidence tending to show that Grigg, through his agents, had knowledge that various chemicals and articles of equipment for carrying on experimental work were, from time to time brought to the premises. However, there was no evidence that the appellant had knowledge that Cohn was carrying on any experiments, much less that which caused the explosion. No previous explosion of any character had occurred and the experiment which resulted in the explosion in question was the first of its kind that Cohn himself had ever attempted. In the circumstances the appellant may not be held liable in the absence of actual or constructive notice that experiments inherently dangerous to life and property were being carried on.

It follows, therefore, that the judgment against the defendant Grigg should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MARTIN, TOWNLEY and GLENNON, JJ., concur.

Judgment so far as appealed from reversed, with costs, and the complaint dismissed as to defendant, appellant, with costs.